PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his vehicle struck a hole on Route 85 in Wharton, Boone County. Route 85 is a road maintained by respondent in Boone County. The Court is of the opinion to make an award for the reasons more fully stated below.
The incident giving rise to this claim occurred on August 5, 1998, at approximately 4:05 to 4:10 p.m. The weather was hazy. Claimant was traveling southbound in his 1996 Pontiac Trans-Am on Route 85 en route to the local car wash. Claimant regularly travels Route 85 about every two days. Route 85 is a two lane highway in Boone County that is approximately eighteen feet wide. On Route 85 at the location in question, there is a mining company, the Wells Complex (Lightfoot) which creates substantial coal truck traffic on Route 85. This coal truck traffic leaves the road in a state of disrepair on a constant basis.
As claimant proceeded along Route 85, he came around the curve with the Wells Complex on his left hand side. After claimant drove out of the curve about one-hundred feet, the road became rough. Claimant slowed his vehicle to a speed of thirty-five miles per hour. Then, claimant’s vehicle hit a hole that he was not familiar with and had not seen before. The hole protruded about one foot into the travel portion from the berm. The hole was approximately four inches deep and twelve to eighteen inches wide. The collision bent claimant’s vehicle’s right front passenger side wheel rim. Claimant had a deductible feature of $250.00 in his collision insurance coverage. The resulting loss to claimant was 437.78 for a new low profile seventeen inch wheel rim.
The position of respondent was that it did not have prior knowledge of the hole in question. Since Route 85 is a priority road, when respondent receives information that there is a problem on Route 85, a quick response is made. However, respondent acknowledged that the location in question is a rough section of road because of the constant coal truck traffic. Respondent has not resurfaced Route 85 in about eight to nine years. In addition, respondent admitted that there was no effort to enforce the weight limit in that area of Route 85.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of motorist upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of *78 this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
The evidence adduced at the July 9,1999, hearing established that respondent had at least constructive notice, if not actual notice, of the hole. The Court is of the opinion that respondent did not take reasonable steps to ensure the safety of travelers on Route 85 in Wharton, Boone County. This area of Route 85 was a known problem area because of the coal truck traffic. Respondent should have been aware of the propensity for holes to develop. Consequently, there is sufficient evidence of negligence upon which to base an award.
In view of the forego ing, the Court is of the opinion to and does make an award to claimant limited to the amount of $250.00, the deductible feature in his collision insurance policy.
Award of $250.00.